IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

REUBEN L. ADAMS                                                PLAINTIFF

v.                              Case No. 4:22-cv-04110

TDC GENERAL CONTRACTORS LLC                                    DEFENDANT


### ORDER

Before the Court is the Defendant's Motion to Quash seeking to quash Plaintiff's Notice of Deposition for October 6, 2023.  ECF No. 18.  Plaintiff has responded.   ECF No. 21.  The Court finds the matter ripe for consideration.

On September 19, 2023, Plaintiff sent a Notice of Deposition of Defendant TDC General Contractors LLC to Defendant to take place at 10:00 a.m. on October 6, 2023.  The same day, Plaintiff sent to Defendant a second Notice of Deposition of Defendant TDC General Contractors LLC only changing the location of the deposition from Texarkana, Arkansas to occur virtually. Defendant cites to Federal Rule of Civil Procedure 45(d)(3)(A)(iv) stating that the rule "requires the court, on timely motion, to quash or modify a subpoena that subjects a person to undue burden."  ECF No. 18, p. 2. Defendant argues that "Defendant's attorneys and Defendant themselves cannot attend the deposition and to require them to do so would be an undue burden," thus the Court must quash Plaintiff's Notice of Deposition.  *Id.* at p. 3.  Plaintiff cites to *Thompson v. Kanabec County* and argues that the burden is on Defendant to show why the virtual deposition is unduly burdensome and that Plaintiff has not done so.  ECF No. 21, p. 3-4; *Thompson v. Kanabec Cnty.*, No. 17-CV-1926 (DWF/LIB), 2018 WL 11579480 (D. Minn. June 19, 2018).  The Court agrees with Plaintiff.

"The person seeking to quash a subpoena 'bears the burden to demonstrate that compliance would be unreasonable or oppressive.'" *In re Whatley v. Canadian Pac. Ry. Ltd.*, No. 1:16-CV-74, 2021 WL 1951003, at *5 (D.N.D. May 14, 2021) (*quoting Cody v. City of St. Louis*, 2018 WL 5634010, at *3 (E.D. Mo. Oct. 31, 2018)).  "This burden cannot be satisfied with conclusory statements." *Id.*  (citing *Reed v. Envirotech Remediation Servs., Inc.*, 2010 WL 11470123, at *2 (D. Minn. July 20, 2010)).   Defendant has failed to satisfy its burden and has not provided a sufficient demonstration of an undue burden hindering Defendant or its attorneys' appearance at the virtual deposition on October 6, 2023. Further, Defendant has had discovery responses from Plaintiff since September 15, 2023, giving it sufficient time to prepare for the deposition.  ECF No. 21-8.

Accordingly, the Court finds that Defendant's Motion to Quash (ECF No. 18) should be and hereby is **DENIED**.  Defendant is ordered to attend the virtual deposition on October 6, 2023.  Further, the Court finds that Defendant's Motion for Leave to File Reply in Support of Motion to Quash (ECF No. 22) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 4th day of October, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge