IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

REUBEN L. ADAMS                                                                                          PLAINTIFF

v.                                              Case No. 4:22-cv-04110

TDC GENERAL CONTRACTORS LLC                                                         DEFENDANT

## ORDER

Before the Court is Defendant's Motion to Compel Discovery. ECF No. 44. Plaintiff has responded. ECF No. 46. Defendant has replied. ECF No. 50. The Court finds the matter ripe for consideration.

In April 2019, Plaintiff engaged Defendant to provide general contractor services with respect to the construction and related work of a multiunit residential apartment complex located at 911 Pecorella Street in Texarkana, Arkansas (the "Apartment Complex"). ECF No. 2. On November 9, 2022, Plaintiff filed this suit alleging, *inter alia*, that Defendant failed to perform in a workmanlike manner regarding the construction of the Apartment Complex. *Id.*

On August 7, 2023, Defendant served Plaintiff with its First Set of Interrogatories and Requests for Production. ECF No. 45. On September 18, 2023, Plaintiff responded. ECF No. 45-1. On April 2, 2024, the parties deposed Plaintiff. ECF No. 45-3. During the deposition, Plaintiff mentioned the complaints of some of the tenants of the Apartment Complex. *Id.* Following the deposition, Defendant served Plaintiff with its Second Set of Interrogatories and Requests for Production, which included an interrogatory that Plaintiff "[p]rovide the names and contact information of all tenants, both current and former for 911 Pecorella Street." ECF No. 45-4, p. 3. On May 5, 2024, Plaintiff responded and objected on the ground of relevancy, stating that the tenant information interrogatory "lacks privacy and business brand jeopardy proportionality and requires disclosure of trade secret or other confidential research, development, or commercial information." *Id.* The parties now dispute the sufficiency of Plaintiff's responses to Defendant's first and second sets of interrogatories and requests for production.

ECF Nos. 44, 45-1, 45-2, 46.  On May 15, 2024, Defendant filed the instant motion requesting that the Court enter an Order compelling Plaintiff produce the following information:

> [I]dentify each document responsive to each of Defendant's discovery requests, state with specificity the amount of damages Plaintiff alleges is owed to him by Defendant in response to each individual request, and provide the names and contact information of all current and former tenants of the subject property in response to each individual discovery request.

ECF No. 44, p. 2.  On May 29, 2024, Plaintiff responded in opposition.  ECF No. 46.  The discovery deadline in this matter expired on May 19, 2024.  *See* ECF No. 36.

Upon review, the Court finds that Defendant is entitled to the tenant information as requested in their Second Set of Interrogatories and Requests for Production pursuant to Federal Rule of Civil Procedure 26(b)(1)[1] and that this information clearly does not constitute a trade secret.  Accordingly, Plaintiff is hereby **COMPELLED** to produce to Defendant the tenant names and contact information as requested in Defendant's Second Set of Interrogatories and Requests for Production within **seven (7)** days of the date of this Order.  The parties will then have **fourteen (14)** days from the time the tenant information is produced to conduct any depositions of the tenants.  The remaining discovery issues[2] in Defendant's motion (ECF No. 44) are hereby **REFERRED** to the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, for disposition.

**IT IS SO ORDERED**, this 21st day of June, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] Federal Rule of Civil Procedure 26 provides as follows:
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

[2] The remaining issues include the identification of documents and specificity of damages in Defendant's interrogatories and requests for production.