IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

REUBEN L. ADAMS                                                                                          PLAINTIFF

v.                                            Case No. 4:22-cv-04110

TDC GENERAL CONTRACTORS LLC                                                            DEFENDANT

## ORDER

Before the Court is Defendant's Motion to Compel Discovery. ECF No. 44. Plaintiff has responded. ECF No. 46. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred a portion of this Motion to the undersigned, and it is now ripe for consideration. ECF No. 61.

1. **BACKGROUND**

In April 2019, Plaintiff engaged Defendant to provide general contractor services for the construction and related work of a multiunit residential apartment complex located at 911 Pecorella Street in Texarkana, Arkansas (the "Apartment Complex"). ECF No. 2. On November 9, 2022, Plaintiff filed this suit alleging, *inter alia*, Defendant failed to perform in a workmanlike manner in the construction of the Apartment Complex. *Id.*

On August 7, 2023, Defendant served Plaintiff with its First Set of Interrogatories and Requests for Production. On September 18, 2023, Plaintiff responded. ECF No. 45-5. On April 2, 2024, the parties deposed Plaintiff. ECF No. 45-3. During the deposition, Plaintiff mentioned the complaints of some of the tenants of the Apartment Complex. *Id.* Following the deposition, Defendant served Plaintiff with its Second Set of Interrogatories and Requests for Production, which included an interrogatory that Plaintiff "[p]rovide the names and contact information of all tenants, both current and former for 911 Pecorella Street." ECF No. 45-4, p. 3. On May 5, 2024,

1

Plaintiff responded and objected on the ground of relevancy, stating that the tenant information interrogatory "lacks privacy and business brand jeopardy proportionality and requires disclosure of trade secret or other confident research, development, or commercial information." *Id.*

On May 15, 2024, Defendant filed the instant motion requesting the Court enter an Order compelling Plaintiff to produce the following information:

> [I]dentify each document responsive to each of Defendant's discovery requests, state with specificity the amount of damages Plaintiff alleges is owed to him by Defendant in response to each individual request, and provide the names and contact information of all current and former tenants of the subject property in response to each individual discovery request.

ECF No. 44, p. 2. On May 29, 2024, Plaintiff responded in opposition. ECF No. 46. The discovery deadline in this matter expired on May 19, 2024. *See* ECF No. 36.

On June 21, 2024, the Honorable Susan O. Hickey entered an Order on the instant Motion to Compel stating in part:

> Upon review, the Court finds that Defendant is entitled to the tenant information as requested in their Second Set of Interrogatories and Requests for Production pursuant to Federal Rule of Civil Procedure 26(b)(1)…and that this information clearly does not constitute a trade secret. Accordingly, Plaintiff is hereby COMPELLED to produce to Defendant the tenant names and contact information as requested in Defendant's Second Set of Interrogatories and Requests for Production within seven (7) days of the date of this Order. The parties will then have fourteen (14) days from the time the tenant information is produced to conduct any depositions of the tenants. The remaining discovery issues…in Defendant's motion (ECF No. 44) are hereby REFERRED…

ECF No. 61, p. 2.

2. **DISCUSSION**

Currently before the Court are the issues in the Motion to Compel involving Plaintiff's alleged failure to properly identify documents and to specify the amount of damages claimed in response to various interrogatories.

Federal Rule of Civil Procedure 33 governs the use of, and response to, interrogatories. Subsection (b)(3) of the rule requires each interrogatory to be answered separately and fully, without reference to other interrogatories or documents. *Mulero v-Abreu v. P.R. Police Dep't,* 675 F.3d 88, 93 (1st Cir. 2012) ("answering interrogatories simply by directing the proponent to rummage through other discovery materials fall short of the obligations imposed by Rule 33"); *United States ex rel. O'Connell v. Chapman University,* 245 F.R.D. 646, 650 (C.D. Cal. 2007) ("an interrogatory should be complete in itself and should not refer to the pleadings, or to depositions or other documents or other interrogatories").

In addition, Rule 33 provides in relevant part:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could…

Fed. R. Civ. P. 33(d). Similarly, regarding the production of documents under Fed. R. Civ. P. 34, when a responding party produces documents or electronically stored information, "a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request…" Fed. R. Civ. P. 34(b)(2)(E)(i).

a. Identification of documents

Here, Plaintiff' has not labeled a single document he has produced and has failed to identify a single Bates range of documents for any response to any interrogatory or request for production. Instead, Plaintiff states repeatedly in response to numerous interrogatories and production of document requests, "duplicating the plethora of documents, communication, and/or correspondence provided to Defendant during [Plaintiff's] efforts to resolve this matter prior to the

3

commencement of this lawsuit is overly burdensome." ECF No. 45, p. 3. Clearly, Plaintiff's responses are not provided "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could, as required by the Federal Rules. Fed. R. Civ. P. 33(d).[1]

Accordingly, Plaintiff's responses to Defendant's First Set of interrogatories and Requests for Production which do not specifically identify the documents relating to the discovery requests are insufficient.

  b.  Amount of Damages

Next, Defendant argues Plaintiff refuses to state with specificity the exact dollar amount he contends is owed to him by Defendant. Instead, Plaintiff repeatedly refers Defendant to a response to a previous interrogatory which states:

> INTERROGATORY NO. 7:  Please list each and every item of compensatory damages which you claim in this case. As to each item of special damages claimed, state the amount you claim in damages.
>
>  [Plaintiff's Response] Duplicating information provided in Plaintiff's Initial Disclosures is overly burdensome, Nonetheless, Plaintiff's damages are: (a). $76,500 in loss profits due to failure to complete construction as promised; (b). $59,300 to cure framing deficiencies; (c). $7000 for retaining wall; (d). $9400 for drainage; (e). $10,000 in mental anguish; (f). $162, 200 punitive damages; (g) $115, 000 attorney fees; and (h). $66, 305 pre-judgment interest (to date).

ECF No. 45-5, p. 5. As previously stated, a response to an interrogatory which simply refers to the answer of a separate interrogatory is insufficient.

---

[1] The Court finds it ironic that Plaintiff asked Defendant to "link or otherwise identify each document, perhaps by bates number," in a good faith letter he sent to Defendant back in August of 2023. ECF No.

4

3. **CONCLUSION**

This Court, having reviewed the parties' arguments and briefing, finds Defendant's Motion to Compel (ECF No. 44) should be **GRANTED**. Accordingly, the Court **ORDERS** Plaintiff to supplement the following responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents (ECF No. 45-5) within 10 days of the date of this order:

- Interrogatories Nos. 8, 11, 14, 15, 16, 17, 18, 19, 21
- Requests for Production Nos. 2, 3, 4, 6, 7 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33

Further, and as discussed above, Plaintiff is **ORDERED** to answer each interrogatory and request for production specifically without referring to other discovery responses or previous documents produced to Defendant prior to the filing of the instant lawsuit.

**IT IS SO ORDERED** this 18**th day of July 2024.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE