IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

REUBEN L. ADAMS                                                                                          PLAINTIFF

v.                                              Case No. 4:22-cv-04110

TDC GENERAL CONTRACTORS, LLC                                                        DEFENDANT

## ORDER

Before the Court is the Report and Recommendation ("R&R") filed October 16, 2024, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 95). Plaintiff Reuben L. Adams ("Plaintiff") has objected. (ECF No. 105). Defendant TDC General Contractors, LLC ("Defendant") has responded. (ECF No. 109). The Court finds the matter ripe for consideration.

### I.  BACKGROUND

On April 10, 2019, Plaintiff entered into a contract with Defendant to provide general contractor services with respect to construction and other related work for an apartment complex located in Texarkana, Arkansas. Under the contract, Defendant promised to complete the designated construction in one hundred eighty (180) days from the contract's signage date and to do so in a workmanlike manner. On November 9, 2022, Plaintiff filed his Complaint alleging that Defendant failed to perform the construction in a workmanlike manner and failed to do so within one hundred eighty (180) days as required by the contract. In his Complaint, Plaintiff brings six claims: (1) breach of contract; (2) negligence; (3) unjust enrichment; (4) promissory estoppel; (5) violation of the Arkansas Unfair Deceptive Trade Practices Act ("ADTPA"); and (6) negligent hiring, retention, and supervision. (ECF No. 2, 3-9).

On October 16, 2024, the instant R&R was filed. (ECF No. 95). The R&R recommends that Defendant's Motion for Partial Summary Judgment be granted in part and denied in part. (ECF No. 95, at 7). Specifically, Judge Bryant finds that Defendant is entitled to judgment as a matter of law on Plaintiff's claims for damages based on mental anguish and punitive damages. (ECF No. 95, at 7). Judge Bryant also finds that Defendant is not entitled to judgment as a matter of law on Plaintiff's claim for lost profits because disputed questions of material facts exist as to this claim.[1] (ECF No. 95, at 5).

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* W.D. Ark. Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

A party may not assert arguments, claims, or legal theories in his objections to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration. *See Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012); *Chaney v. Hutchinson*, No. 4:18-cv-0478-BSM, 2018 WL 4134639, at *1 (E.D. Ark. Aug. 29, 2018) (citing *Hylla v. Transp. Commc'ns Int'l Union*, 536 F.3d 911, 921 (8th Cir. 2008)). "[T]he purpose of referring cases to a magistrate for recommended disposition would be

---

[1] Defendant does not dispute this finding.

2

contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court." *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000). To hold otherwise would effectively give a party "two opportunities for judicial review." *Id.*

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).

Plaintiff only objects to Judge Bryant's finding that summary judgment is appropriate on the issue of punitive damages. Therefore, the Court will only review this issue *de novo*. The Court will review mental anguish and lost profits for clear error.

## III.  DISCUSSION

In the R&R, Judge Bryant found that Defendant is entitled to judgment as a matter of law on Plaintiff's damages based on mental anguish and punitive damages, but that there were material facts in dispute surrounding Plaintiff's damages based on lost profits. (ECF No. 95, at 7). Judge Bryant recommends that Defendant's summary judgment be granted on Plaintiff's punitive damages claim because nothing in the record suggests that Defendant's conduct arose to the "willful and wanton" standard necessary to warrant an award for punitive damages. (ECF No. 95, at 5). Further, Judge Bryant notes that Plaintiff's punitive damages could not be proven by clear and convincing evidence. (ECF No. 95, at 5).

On October 30, 2024, Plaintiff filed an objection. (ECF No. 105). Plaintiff contends that the R&R's denial of punitive damages was overly broad. (ECF No. 105, at 2). Plaintiff argues

that the R&R fails to take into consideration his ADTPA claim that Defendant acted with deceit in misrepresenting its qualification to provide general contractor services. (ECF No. 105, at 2). Plaintiff opines that Defendant's misrepresentation of competence was deliberate and warrants punitive damages. (ECF No. 105, at 3). Plaintiff further argues that Defendant knew or should have known that its misrepresentation of competence would probably result in injury and that Defendant continued the conduct in reckless disregard of the circumstances. (ECF No. 105, at 3).

On November 11, 2024, Defendant filed a response to the objection. (ECF No. 109). Defendant argues that the R&R directly addresses Plaintiff's argument that Defendant acted with deceit in misrepresenting its qualifications. (ECF No. 109, at 1). Defendant argues that the R&R clearly reviewed the record and determined that there was no evidence supporting the claim that Defendant acted wantonly or with such conscious indifference to the consequences of its actions that malice could be inferred. (ECF No. 109, at 2).

"Punitive damages are to be a penalty for conduct that is malicious or done with the deliberate intent to injure another." *Edwards v. Stills*, 335 Ark. 470, 483, 984 S.W.2d 366, 373 (1998). Punitive damages are governed by statute in Arkansas as follows:

> In order to recover punitive damages from a defendant, a plaintiff has the burden of proving that the defendant is liable for compensatory damages and that either or both of the following aggravating factors were present and related to the injury for which compensatory damages were awarded:
>
> (1) The defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred.
>
> (2) The defendant intentionally pursued a course of conduct for the purpose of causing injury or damage.

Ark. Code Ann. § 16-55-206. A plaintiff must prove this by clear and convincing evidence. Ark. Code Ann. § 16-55-207. The standard for punitive damages is high because negligence, or even

4

gross negligence, is insufficient to support a claim for punitive damages. *Nat'l By-Prod., Inc. v. Searcy House Moving Co.*, 292 Ark. 491, 494, 731 S.W.2d 194, 196 (1987).

Punitive damages may be imposed if the defendant acted with such willfulness, wantonness, or conscious indifference to consequences that malice can be inferred. *Wallace v. Dustin*, 284 Ark. 318, 320, 681 S.W.2d 375, 377 (1984). Willful and wanton conduct is "an actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others." Arkansas Model Jury Instructions – Civil, AMI 1101 (2014 ed.). Malice may also be inferred when "the negligent party knew, or had reason to believe, that his act of negligence was about to inflict injury, and that he continued in his course with a conscious indifference to the consequences." *Freeman v. Anderson*, 279 Ark. 282, 286-87, 651 S.W.2d 450, 452 (1983). Summary judgment on punitive damages is appropriate "if the evidence [is] such that no reasonable jury could [find] grounds for awarding punitive damages." *In re Aircraft Accident at Little Rock*, 351 F.3d 874, 876 (8th Cir. 2003) (applying Arkansas law).

The Court agrees with the R&R that there is no evidence suggesting that Defendant's conduct rose to the level of willful and wanton allowing malice to be inferred. Recovery of punitive damages is a high bar and requires clear and convincing evidence. Plaintiff's objection to the R&R does no more than repeat the facts and arguments that were already presented to Judge Bryant. "Simply restating arguments and facts already presented to the Magistrate Judge does not constitute a viable objection to a report and recommendation." *Munt v. Larson*, No. 15-CV-0582 SRN/SER, 2015 WL 5673108, at *7 (D. Minn. Sept. 23, 2015). As Defendant noted in its response, the R&R specifically addressed that it was undisputed that Defendant had been working in the construction business for a great deal of time in the Texarkana, Arkansas area. As Defendatn further notes, the R&R states, "[i]t defies logic, and clearly [cannot] be proved by clear and

convincing evidence, that Defendant's representation that it could complete the construction of the Apartment Complex in a workmanlike manner (even if they breached the contract to do so) could be construed as a misrepresentation from which malice could be inferred." (ECF No. 109, at 1-2; ECF No. 95, at 5). Upon review of the record, the Court finds that Plaintiff has failed to show that Defendant acted with such willfulness, or wantonness, or conscious indifference to consequences that malice can be inferred. As the R&R notes, negligence alone, however gross, is not enough to justify punitive damages. *See McDowell v. United Parcel Service, Inc.*, 707 F. Supp. 3d 823, 828 (2023). Even giving credit to Plaintiff's argument that punitive damages may be awarded under ADTPA with respect to allegations of deceit, there is no clear and convincing evidence such that a reasonable jury could find grounds for awarding punitive damages to Plaintiff. Thus, the Court finds that judgment as a matter of law is appropriate on the issue of punitive damages.

## IV.   CONCLUSION

Upon review and for the reasons stated above, the Court adopts Judge Bryant's Report and Recommendation *in toto*. The Court finds that Defendant's Motion for Summary Judgment (ECF No. 51) should be and hereby is **GRANTED IN PART AND DENIED IN PART**. Defendant's Motion for Summary Judgement is **GRANTED AS TO** Plaintiff's claims for damages based on mental anguish and punitive damages, and these claims are **DISMISSED WITH PREJUDICE**. Defendant's Motion for Summary Judgment as to Plaintiff's claim for damages based on lost profits is hereby **DENIED**.

**IT IS SO ORDERED**, this 31st day of March, 2025.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge