IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

REUBEN L. ADAMS                                                                                                                                        PLAINTIFF

v.                               Case No. 4:22-cv-04110

TDC GENERAL CONTRACTORS, LLC                                                          DEFENDANT

**ORDER**

Before the Court is the Report and Recommendation ("R&R") filed December 20, 2024, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 119). Plaintiff Reuben L. Adams ("Plaintiff") has objected. (ECF No. 120). Defendant TDC General Contractors, LLC ("Defendant") has responded to the objections. (ECF No. 121). The Court finds the matter ripe for consideration.

**I. BACKGROUND**

On April 10, 2019, Plaintiff entered into a contract with Defendant to provide general contractor services with respect to construction and other related work for an apartment complex located in Texarkana, Arkansas. Under the contract, Defendant promised to complete the designated construction in one hundred eighty (180) days from the contract's signage date and to do so in a workmanlike manner. On November 9, 2022, Plaintiff filed his Complaint alleging that Defendant failed to perform the construction in a workmanlike manner and failed to do so within one hundred eighty (180) days as required by the contract. In his Complaint, Plaintiff brings six claims: (1) breach of contract; (2) negligence; (3) unjust enrichment; (4) promissory estoppel; (5) violation of the Arkansas Unfair Deceptive Trade Practices Act ("ADTPA"); and (6) negligent hiring, retention, and supervision. (ECF No. 2, 3-9). Defendant claims that it is entitled to summary judgment on Plaintiff's ADTPA claim. (ECF No. 54).

On December 20, 2024, the instant R&R was filed. (ECF No. 119). The R&R recommends that Defendant's Partial Motion for Summary Judgment concerning the ADTPA (ECF No. 54) be granted and Plaintiff's claim based on violation of the ADTPA be dismissed with prejudice. (ECF No. 119, at 9).

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* W.D. Ark. Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

A party may not assert arguments, claims, or legal theories in his objections to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration. *See Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012); *Chaney v. Hutchinson*, No. 4:18-cv-0478-BSM, 2018 WL 4134639, at *1 (E.D. Ark. Aug. 29, 2018) (citing *Hylla v. Transp. Commc'ns Int'l Union*, 536 F.3d 911, 921 (8th Cir. 2008)). "[T]he purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the magistrate, reserving their full panoply of contentions for the trial court." *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000). To hold otherwise would effectively give a party "two opportunities for judicial review." *Id.*

Plaintiff objects to Judge Bryant's recommendation that summary judgment should be granted in Defendant's favor. Therefore, the Court will review this issue *de novo*.

2

## III.  DISCUSSION

On December 6, 2024, Judge Bryant issued the instant R&R, finding that Defendant is entitled to judgment as a matter of law on Plaintiff's ADTPA claim.  (ECF No. 119, at 9).  Judge Bryant notes that Plaintiff does not identify any specific subsections of the ADTPA that he believes applies to his claim.  (ECF No. 119, at 8).  Judge Bryant further notes that Plaintiff uses nonspecific phases to describe Defendant's alleged failure to provide workmanlike services.  (ECF No. 119, at 8).  Judge Bryant opines that while Plaintiff has presented witnesses to support a finding that Defendant failed to provide services in a workmanlike manner, these individuals do not speak to the knowledge or intent that Defendant possessed under ADTPA.  (ECF No. 119, at 8).  Judge Bryant concludes that Plaintiff has presented no evidence showing that Defendant entered into a contract knowing that it could not perform in a workmanlike manner.  (ECF No. 119, at 9).

On December 20, 2024, Plaintiff filed an objection.  (ECF No. 120).  Plaintiff argues that the R&R incorrectly considers Federal Rule of Civil Procedure 9(b) to determine a summary judgment issue.  (ECF No. 120, at 3).  Plaintiff also argues that there is no knowledge requirement pursuant to Ark. Code Ann. § 4-88-107(a)(10).  (ECF No. 120, at 4).  Further, Plaintiff argues that Rule 9(b) does not apply to Ark. Code Ann. § 4-88-107(a)(10).  (ECF No. 120, at 4).  Plaintiff also contends that Defendant is not afforded the protection of the safe harbor provision built into ADTPA.  (ECF No. 120, at 12).

On January 2, 2025, Defendant filed a response.  (ECF No. 121).  Defendant argues that a violation of Ark. Code Ann. § 4-88-107(a)(1) does require that Defendant knowingly made a false misrepresentation.  (ECF No. 121, at 2).  Defendant also notes that Plaintiff has failed to cite a specific subsection in support of his ADTPA claim.  (ECF No. 121, at 1).  Plaintiff also argues that Rule 9(b) applies because Plaintiff has made a claim under Ark. Code Ann. § 4-88-107(a)(1).  (ECF No. 121).

In Defendant's Motion for Summary Judgment, Defendant brings a motion to dismiss against Plaintiff's ADTPA claim for failure to plead his claim with particularity.  (ECF No. 55, at 5).  Defendant

3

argues that Plaintiff's Complaint fails to plead sufficient facts to state a claim for relief related to the ADTPA. (ECF No. 55, at 5). Defendant argues that Plaintiff has failed to set forth any specific advertisement, misrepresentation, deceptive statement, or misleading advertisement. (ECF No. 55, at 7). In response, Plaintiff argues that Rule 9(b) does not apply to claims under ADTPA. (ECF No. 65, at 3).

The Court agrees with Plaintiff that claims under ADTPA are not considered fraud actions. *Pleasant v. McDaniel*, 2018 Ark. App. 254, at 7, 550 S.W.3d 8, 12 (2018) ("An action under the ADTPA is not a 'fraud' action.'"). In *Pleasant*, the Arkansas Court of Appeals states that the appellants' theory that "Rule 9 of the Arkansas Rule of Civil Procedure is the proper pleading standard for this particular statutory claim is incorrect." *Id*. The Court is convinced ADTPA claims are not considered fraud actions and thus Federal Rule of Civil Procedure 9(b) does not apply to these claims. Accordingly, application of Rule 9(b) to the ADTPA is improper.

However, it does not appear to the Court that Judge Bryant bases his findings on Rule 12(b)(6) or Rule 9(b) standards. Judge Bryant is clear in the R&R that no "summary judgment evidence" supports Plaintiff's claim that Defendant knowingly or intentionally misrepresented its ability to provide workmanlike services. (ECF No. 119, at 8). Judge Bryant also refers to the record when examining the evidence. (ECF No. 199, at 8). Thus, the Court concludes that Judge Bryant ultimately used the correct standard when reviewing the motion for summary judgment.

Plaintiff has not identified what provision of the ADTPA that he brings his claim under, and Judge Bryant construed Plaintiff's claim as one brought pursuant to Ark. Code Ann. § 4-88-107(a)(1). This subsection reads:

> (a) Deceptive and unconscionable trade practices made unlawful and prohibited by this chapter include, but are not limited to, the following:
>
> (1) Knowingly making a false representation as to the characteristics, ingredients, uses, benefits, alterations, source, sponsorship, approval, or certification of goods or services or as to whether goods are original or new or a particular standard, quality, grade, style, or model;

4

Ark. Code Ann. § 4-88-107(a)(1).

The Court agrees with Judge Bryant nothing in the record shows that Defendant knowingly or intentionally misrepresented its ability to provide workmanlike services. Plaintiff was referred to Defendant by another party, and Defendant did nothing to seek out Plaintiff. Further, as Judge Bryant points out, Plaintiff fails to present any evidence that speaks to Defendant's knowledge or intent and state of mind. It is undisputed that Defendant has been working in Texarkana, Arkansas, for years and Plaintiff has failed to show that there is any genuine dispute of material fact that Defendant's representation has risen to the level of conduct prohibited by the ADTPA. Thus, even when viewing the record in the light most favorable to the nonmoving party, the Court finds that Plaintiff has failed to show a genuine dispute of material fact and thus judgment as a matter of law is proper in Defendant's favor.

## IV.     CONCLUSION

Upon *de novo* review and for the reasons discussed above, the Court adopts Judge Bryant's Report and Recommendation (ECF No. 119) *in toto*. The Court finds that Defendant's Partial Motion for Summary Judgment (ECF No. 54) should be and hereby is **GRANTED**. Plaintiff's ADTPA claim is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 31st day of March, 2025.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge